JUDGE ENGELMAYER

14 CV 9147

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MAGNUM PHOTOS, INC.,

    Plaintiff,

v.

CELEBITCHY LLC and DOES 1-10,

    Defendants.

Civ. Act. No.



RECEIVED NOV 17 2014 U.S.D.C. S.D. N.Y. CASHIERS

## COMPLAINT

Plaintiff Magnum Photos, Inc. ("Magnum Photos"), by and through its counsel of record BRESSLER LAW PLLC, alleges for its Complaint against Celebitchy LLC ("Celebitchy") and DOES 1-10 (collectively, Celebitchy and DOES 1-10 are the "Defendants"):

### Nature of the Action

1. This is a civil action against Defendants for their wrongful acts of direct and indirect copyright infringement and for their copyright management information ("CMI") violations (U.S. Copyright Act, 17 U.S.C. § 101 *et seq.*).

### The Parties

2. Plaintiff Magnum Photos is a corporation organized under the laws of the State of New York with its place of business at 12 W. 31st Street, New York, NY 10001. Magnum Photos is a photographic cooperative of great diversity and distinction owned by its photographer members. With powerful individual vision, Magnum Photos' photographers chronicle the world and interpret its peoples, events, issues and personalities.

3. Celebitchy is a limited liability company organized under the laws of the State of Delaware. On information and belief as informed by the United States Patent and Trademark

Office public database, and specifically the database record for U.S. Service Mark Registration No. 4,288,955 for the mark CELEBITCHY owned by Celebitchy, Celebitchy has an address at 600 One Commerce Center, 1201 Orange St., Suite 600, Wilmington, DE 19801.

4. Defendants DOES 1 through 10 inclusive currently are unknown to Magnum Photos; as such, Magnum Photos identifies those defendants in this action with fictitious names. Magnum Photos is informed and believes that each of the defendants designated as DOES is legally responsible at least in part for the events and actions constituting the conduct damaging Magnum Photos. Magnum Photos will seek to amend this Complaint to identify and include the actual names and capacities of such defendants after Magnum Photos has determined such data.

**Jurisdiction and Venue**

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 17 U.S.C. § 501(a), as this action alleges infringement of registered U.S. copyright rights and other violations of the copyright laws of the United States, 17 U.S.C. § 101 *et seq*.

6. This Court has personal jurisdiction over Celebitchy because on information and belief it does business and/or transacts business within the State of New York and because it did business and/or transacted business within the State of New York for times relevant to Magnum Photos' claims asserted in this action.

7. On information and belief, this Court has personal jurisdiction over DOES 1-10 because on information and belief they do business and/or transact business within the State of

New York and because they did business and/or transacted business within the State of New York during times relevant to Magnum Photos' claims asserted in this action.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(c)(2) and 1400(a) because Celebitchy, and on information and belief DOES 1-10, are subject to personal jurisdiction in this district.

**Facts**

**Renowned Photojournalist Paolo Pellegrin and His Images**

9. Paolo Pellegrin ("Pellegrin") is a renowned and award-winning professional photographer and photojournalist. Among numerous accolades, Pellegrin has earned ten World Press Photo Awards for his work covering AIDS in Uganda, the 2004 Indian Ocean tsunami, Hurricane Katrina, and the funerals of Yasser Arafat and Pope John Paul II, among other subject matters. Pellegrin earned the Olivier Rebbot prize by the Overseas Press Club, USA, for his coverage of Darfur, and the Robert Capa Gold medal awarded by the Overseas Press Club for his work on the war in Lebanon. Pellegrin also was awarded the City of Gijòn International Prize of Photojournalism for his work featuring children in post-war Bosnia. Dozens of exhibitions since 1993 have featured Pellegrin's extraordinary photography. Since 2005, Pellegrin has been a full member of Magnum Photos, the exclusive, invitation-only international photographic cooperative owned by its photographer-members.

10. Pellegrin produced the following four photographic images (all collectively, the "Images"):

a. "GERMANY. Berlin. American actor Brad PITT. 2009." (the "Brad Pitt Image"). "Metadata" (*i.e.*, words and text saved and readable as part of the electronic Image computer file) for this Image identified the foregoing Image title and Pellegrin as its author, and recited the following copyright notice: ©Paolo Pellegrin / Magnum Photos. The metadata also included the following detailed information for Magnum Photos, the Images' rights administrator: "Contact email: New York : photography@magnumphotos.com Paris : magnum@magnumphotos.fr London : magnum@magnumphotos.co.uk Tokyo : tokyo@magnumphotos.co.jp  Contact phones: New York : +1 212 929 6000 Paris: + 33 1 53 42 50 00 London: + 44 20 7490 1771 Tokyo: + 81 3 3219 0771 Image URL: http://www.magnumphotos.com/Archive/C.aspx?VP3=ViewBox_VPage&IID=2TYRYDP9FKNI&CT=Image&IT=ZoomImage01_VForm".

b. "GB. ENGLAND. London. American actor Mickey ROURKE with his dog Loki. January 2009." (the "Mickey Rourke First Image"). Metadata for this Image identified the foregoing Image title and Pellegrin as its author, and recited the following copyright notice: ©Paolo Pellegrin / Magnum Photos. The metadata also included the following detailed information for Magnum Photos: "Contact email: New York : photography@magnumphotos.com Paris : magnum@magnumphotos.fr London : magnum@magnumphotos.co.uk Tokyo : tokyo@magnumphotos.co.jp  Contact phones: New York : +1 212 929 6000 Paris: + 33 1 53 42 50 00 London: + 44 20 7490 1771 Tokyo: + 81 3 3219 0771 Image URL:

http://www.magnumphotos.com/Archive/C.aspx?VP3=ViewBox_VPage&IID=2TYRYDP9YGP8&CT=Image&IT=ZoomImage01_VForm".

      c. "GB. ENGLAND. London. American actor Mickey ROURKE with his dog Loki. January 2009." (the "Mickey Rourke Second Image"). Metadata for this Image identified the foregoing Image title and Pellegrin as its author, and recited the following copyright notice: ©Paolo Pellegrin / Magnum Photos. The metadata also included the following detailed information for Magnum Photos: "Contact: New York : photography@magnumphotos.com Paris : magnum@magnumphotos.fr London : magnum@magnumphotos.co.uk Tokyo : tokyo@magnumphotos.co.jp, New York : +1 212 929 6000 Paris: + 33 1 53 42 50 00 London: + 44 20 7490 1771 Tokyo: + 81 3 3219 0771, http://www.magnumphotos.com/Archive/C.aspx?VP3=ViewBox_VPage&amp;IID=2TYRYDP9FV41&amp;CT=Image&amp;IT=ZoomImage01_VForm".

      d. "GB. ENGLAND. London. Spanish actress Penelope CRUZ. 2008." (the "Penélope Cruz Image"). Metadata for this Image identified the foregoing Image title and Pellegrin as its author, and recited the following copyright notice: ©Paolo Pellegrin / Magnum Photos. The metadata also included the following detailed information for Magnum Photos: "Contact: New York photography@magnumphotos.com Paris : magnum@magnumphotos.fr London : magnum@magnumphotos.co.uk Tokyo : tokyo@magnumphotos.co.jp, New York : +1 212 929 6000 Paris: + 33 1 53 42 50 00 London: + 44 20 7490 1771 Tokyo: + 81 3 3219 0771, http://www.magnumphotos.com/Archive/C.aspx?VP3=ViewBox_VPage&amp;IID=2TYRYDP9X8P7&amp;CT=Image&amp;IT=ZoomImage01_VForm".

11. Pellegrin is the sole author of each of the Images. For all times relevant to this action, Pellegrin owns and has owned all copyright rights in and to each of the respective Images since their creation. Each of the Images is original to Pellegrin, is a proper subject of protection under the U.S. Copyright Act, and is protected internationally by valid and subsisting copyright rights.

12. For all times relevant to this action, Pellegrin has appointed Magnum Photos as the exclusive licensing agent and administrator for all copyright rights in and to the Images. As such, Magnum Photos has standing and is entitled to institute and maintain this action. 17 U.S.C. § 501(b).

13. Each of the Images was first published, with Pellegrin's authorization, as part of a feature titled "*Great Performers*", which appeared in the February 8, 2009 print issue of *The New York Times Magazine*, and which was and is hosted on the Internet by The New York Times at the following uniform resource locator ("URL"):

http://www.nytimes.com/packages/html/magazine/20090205-great-performers/.

14. An application to register U.S. copyright rights in and to the Images is pending with the U.S. Copyright Office since its filing on November 12, 2014.

**Defendants and Their Unauthorized Uses of Pellegrin's Images**

15. Celebitchy operates the www.Celebitchy.com website (the "Website"). The Website's content primarily is directed to celebrity gossip. On information and belief, Celebitchy

relies on its Members, employees and/or independent contractors to write, edit, select and publish the Website's content.

16. In 2013, Pellegrin and Magnum Photos discovered that on February 18, 2009, Celebitchy published on its Website an article titled "*Mickey Rourke: 'my dogs saved me from committing suicide'; Loki Passes*", which reproduced, publicly displayed, transmitted and used the Mickey Rourke Second Image. The photographs appearing at the bottom of the article are prefaced with the following text: "File photos of Rourke out with one of his dogs, thought to be Loki, thanks to WENN. Frontpage [*sic*] image from the NY Times." Attached as Exhibit A to this Complaint is a screen print copy of this article.

17. In 2013, Pellegrin and Magnum Photos discovered that on February 9, 2009, Celebitchy published on its Website an article titled "*Extraordinary NYT Great Performers photo series*", which reproduced, publicly displayed, transmitted and used without authorization the Brad Pitt Image, the Penélope Cruz Image, and the Mickey Rourke First Image. This Celebitchy article states in pertinent part: "We're featuring a few photos here, with apologies to Pellgrin [*sic*] and the *NY Times* […]," which Defendants knew they had used without authorization. Attached as Exhibit B to this Complaint is a screen print copy of this article. (For the Court's convenience, Magnum Photos has added the red text boxes to highlight the appearance of Pellegrin's Images.)

18. Neither Pellegrin, Magnum Photos, nor anyone else authorized to grant rights to the Images granted Defendants any rights to use such Images.

19. Celebitchy is well aware of the importance of copyright rights concerning its operation of the Website. The Website footer recites Celebitchy's prominent copyright notice: **Copyright © 2006 - 2014, Celebitchy, LLC** (the "Celebitchy Copyright Notice"). The Website also recites that "we believe in crediting information and licensing picture sources".[1]

20. Notwithstanding Celebitchy's stated philosophy of licensing picture sources, its knowledge and assertion of copyright rights, and its sophistication as a media industry participant having operated the Website since at least as early as February 2006, Defendants still disregarded Pellegrin's exclusive copyright rights for its own commercial gain.

21. Magnum Photos (via legal counsel) tried in good faith to resolve Defendants' violations of rights in the Images with Celebitchy but was unsuccessful. Magnum Photos now brings this action to remedy Defendants' wrongful acts.

## FIRST CLAIM FOR RELIEF
### Copyright Infringement

### As against all Defendants

22. Magnum Photos repeats and realleges the allegations set forth in the previous paragraphs of this Complaint as if fully set forth herein.

23. Without authorization or consent, Defendants reproduced, publicly displayed, distributed, transmitted and otherwise used the Images on the Website.

---

[1] *See* http://www.celebitchy.com/contact/

24. On information and belief, Defendants knew that they did not possess any rights to use the Images on the Website or otherwise.

25. There is no question that Celebitchy is a commercial endeavor. Its Website routinely features prominent third party advertising from advertisers such as Citibank, American Apparel, Verizon, Microsoft, Staples, Solar City, State Farm Insurance, Fekkai, and the Preferred Hotel Group.

26. The Website's use of Pellegrin's compelling photographic Images enhanced the Website visitors' interest in the Website's content.

27. On information and belief, Defendants have received substantial benefits from their unauthorized reproduction, public display, distribution, transmission and uses of the Images, including the attraction, promotion and support of Internet visitor traffic to the Website.

28. On information and belief, Defendants performed their wrongful acts willfully and knowingly, with intentional disregard for the exclusive copyright rights in and to the Images, and for the purposes of trade and profit, including by means of the sale of advertising services, and also by means of attracting, promoting and supporting Internet visitor traffic to the Website.

29. Magnum Photos has been damaged by Defendants' unauthorized uses of the Images, including without limitation in the forms of diversion of trade, loss of profits, dilution of the value of rights in the Images, and erosion of the market value of the Images, in an amount to be determined at trial.

30. Among other relief, such wrongful conduct entitles Magnum Photos to an award of actual damages suffered as a result of such infringement, plus Defendants' additional profits

attributable to such infringement, in an amount to be determined at trial, plus recovery of its costs. 17 U.S.C. §§ 504(a)(1) and 505.

## SECOND CLAIM FOR RELIEF
### Secondary Copyright Infringement

### As against all Defendants

31. Magnum Photos repeats and realleges the allegations set forth in the previous paragraphs of this Complaint as if fully set forth herein.

32. On information and belief, Defendants knew and hoped that Internet visitors would take, reproduce, transmit, distribute, publicly display, and proliferate the Images without authorization or consent.

33. Just as newspaper and periodical publishers seek to increase their print circulation and readership, and just as radio and television broadcasters stations seek to increase their audiences, Internet website operators seek to increase and lengthen user visits. Doing so enables a website operator to grow the value of the website as an asset, charge higher rates for its online advertising services, and command a broader audience to expose to its views.

34. As further proof of Defendants' intent to proliferate the Images without authorization or consent, Defendants also included adjacent to the Images the sharing and retransmitting functions for third party Internet social media services Facebook and Twitter, which Internet users use to reproduce and proliferate images and other content across the Internet.

35.  An image that "goes viral" (*i.e.*, Internet users view the image and transmit it via their electronic social media networks and contacts to others, who then also view it and retransmit it to their electronic social media networks and contacts, and so on) is problematic for an image owner or rights administrator policing unauthorized third party uses. Much like the spread of a viral contagion, an image "gone viral" replicates and proliferates copyright infringement across the Internet to more and more Internet users at an accelerating rate. Such proliferation drives more Internet users to the Website, increasing the Website's page views count and its value to Defendants and their advertisers. But such proliferation also devalues exclusive copyright rights in and to the infringed Images and substantially increases Magnum Photos' rights policing and enforcement burdens.

36. On information and belief, because Defendants contributed to and induced third person infringement of the Images and knew or should have known of such infringement, they are liable for contributory infringement of the Images.

37. On information and belief, because Defendants had the right and ability to control third person use of the Website and also benefitted commercially from third party unauthorized uses of the Images, they also are liable for vicarious infringement of the Images.

38. Among other relief, such wrongful conduct entitles Magnum Photos to an award of actual damages suffered as a result of such infringement, plus Defendants' additional profits attributable to such infringement, in an amount to be determined at trial, plus recovery of its costs. 17 U.S.C. §§ 504(a)(1) and 505.

## THIRD CLAIM FOR RELIEF
### Provision and Distribution of False Copyright Management Information (CMI)

### As against all Defendants

39. Magnum Photos repeats and realleges the allegations set forth in the previous paragraphs of this Complaint as if fully set forth herein.

40. On information and belief, with the intent to induce, enable, facilitate and/or conceal infringement, Defendants excluded the Image titles, copyright notice, and rights administrator contact information, and instead applied without authorization or consent or other right the Celebitchy Copyright Notice to the footer of each page of the Website displaying the Images.

41. On information and belief, with the intent to induce, enable, facilitate and/or conceal infringement, Defendants omitted the CMI for the Images and instead applied their own CMI, including the Celebitchy Copyright Notice, without authorization or consent. The Celebitchy Copyright Notice, which appears at the footer of each Website page using an Image, conveys falsely that Celebitchy owns the Images or has the right to use and permit others to use them, none of which is true.

42. Defendants provided and distributed false CMI with their unauthorized reproduction, public display, distribution, transmission and uses of the Images.

43. On information and belief, with the intent to induce, enable, facilitate or conceal copyright infringement, Defendants knowingly provided and distributed false CMI when they

applied their own CMI to the Images (for example, the Celebitchy Copyright Notice), in violation of 17 U.S.C. § 1202(a).

44. On information and belief, knowing or having reasonable grounds to know that Celebitchy would induce, enable, facilitate or conceal infringement of exclusive rights under Title 17 U.S.C., Defendants (1) intentionally removed or altered CMI for the Images, (2) provided false CMI for the Images (for example, by providing the Celebitchy Copyright Notice without authorization and consent), (3) distributed false CMI for the Images without due authority; and (4) distributed and publicly performed and displayed copies of the Images with false CMI without due authority, all in violation of 17 U.S.C. §§ 1202(b)(1), (2) and (3).

45. Such wrongful conduct damaged Magnum Photos in an amount to be determined at trial.

46. Among other relief, such wrongful conduct entitles Magnum Photos to an award of actual damages suffered due to such violations, plus Defendants' additional profits attributable to the CMI violations (17 U.S.C. §§ 1202(b)(3) and 1202(c)(2)), or if and as Magnum Photos opts in its sole discretion, statutory damages in an amount of $25,000 per CMI violation (17 U.S.C. § 1203(c)(3)(b)), plus a reasonable attorney's fee and costs (17 U.S.C. §§ 1203(b)(4) and (5)).

**Prayer for Relief**

**WHEREFORE,** Magnum Photos respectfully requests judgment against each of the Defendants as follows:

      a.  declaring Defendants liable for direct infringement of the exclusive copyright rights in and to the Images;

      b.  declaring Defendants liable for contributory and vicarious infringement of the exclusive copyright rights in and to the Images;

      c.  declaring Defendants liable for removal or alteration of CMI for the Images and for provision and distribution of false CMI for the Images;

      d.  enjoining Defendants from unauthorized reproduction, public display, distribution and other uses of the Images, from removing or altering CMI for the Images, and from providing and distributing false CMI for the Images;

      e.  for Defendants' direct, contributory and vicarious copyright infringement, awarding Magnum Photos monetary damages in an amount equal to actual damages and Defendants' additional profits attributable to such infringement, in an amount to be determined at trial (17 U.S.C. § 504(a)(1)), plus costs (17 U.S.C. § 505);

      f.  for Defendants' CMI violations, awarding Magnum Photos monetary damages in an amount equal to its actual damages and Defendants' additional profits attributable to such CMI violations, in an amount to be determined at trial (17 U.S.C. §§ 1202(b)(3) and 1202(c)(2)), or if and as Magnum Photos opts in its sole discretion, statutory damages in an amount of $25,000 per CMI violation (17 U.S.C. § 1203(c)(3)(b)), plus a reasonable attorney's fee and costs (17 U.S.C. §§ 1203(b)(4) and (5));

      g.  compelling Defendants to account to Magnum Photos for all profits, income, receipts and other benefits derived by them from the reproduction, distribution,

transmission, public display, promotion, and sale of products, services and media that infringe copyright rights in and to the Images (17 U.S.C. §§ 504(a)(1) and 501(b));

    h.  compelling Defendants to account to Magnum Photos for all profits, income, receipts and other benefits derived by them from their removal or alteration of CMI for the Images, and from their provision and distribution of false CMI for the Images (17 U.S.C. §§ 1203(b)(3) and 1202(c)(2)); and

    i.  awarding Magnum Photos such other and further relief as the Court deems just and proper.

Dated: New York, New York  
       November 17, 2014

Respectfully submitted,

_____  
Joshua R. Bressler (JB8780)  
Bressler Law PLLC  
3 West 35th Street, 9th Floor  
New York, NY 10001  
Tel: (917) 969-4343  
Fax: (917) 591-7111

*Counsel for Plaintiff*  
*Magnum Photos, Inc.*